762 F.2d 226
 9 Soc.Sec.Rep.Ser. 413, Medicare&Medicaid Gu 34,638
Cesar A. PERALES, Commissioner of the New York State
Department of Social Services, Plaintiff-Appellant,
v.
Margaret M. HECKLER, as Secretary of the United States
Department of Health and Human Services, Defendant-Appellee.
 No. 1052, Docket 84-6332.
 United States Court of Appeals,
Second Circuit.
 Argued April 18, 1985.
Decided May 20, 1985.
 
 Clifford A. Royael, Office of the Atty. Gen., State of N.Y., Albany, N.Y. (Robert Abrams, Atty. Gen., State of N.Y., Robert Hermann, Sol. Gen., William J. Kogan, Asst. Sol. Gen., Albany, N.Y., of counsel), for plaintiff-appellant.
 Thomas K. Stuber, Office of the Gen. Counsel, Dept. of Health and Human Services, Baltimore, Md. (Frederick J. Scullin, Jr., U.S. Atty., N.D.N.Y., Albany, N.Y., Terry Coleman, Acting Gen. Counsel, Ann T. Hunsaker, Asst. Gen. Counsel, Dept. of Health and Human Services, Baltimore, Md., of counsel), for defendant-appellee.
 Before MESKILL, NEWMAN and PIERCE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a judgment entered in the United States District Court for the Northern District of New York, Miner, J., dismissing a complaint by the Commissioner of the New York State Department of Social Services which sought review of a final decision of the Grant Appeals Board (GAB) of the United States Department of Health and Human Services.
 
 
 2
 In November of 1981, the Health Care Financing Administration (HCFA) completed an audit of Medicaid expenditures by the State of New York. Based on the audit, HCFA determined that there existed $2,570,996 in Medicaid overpayments that New York had not yet recovered from the health care providers involved. The exact nature of these overpayments, i.e., whether they were a result of fraud or improper rates, is unclear. HCFA recommended that the federal share of the overpayments be recouped immediately by withholding the necessary amount from New York's next quarterly payment.
 
 
 3
 New York appealed this recommendation to GAB, claiming that the recoupment of this money by the federal government before it was actually recovered by the state from the providers violated both the letter and spirit of Title XIX of the Social Security Act, 42 U.S.C. Secs. 1396-1396q (1982), and that recoupment before recovery was a change in policy that could not be effected absent compliance with the Administrative Procedure Act, 5 U.S.C. Sec. 551 et seq. (1982) (APA). GAB rejected these claims and affirmed HCFA's recoupment of unrecovered overpayments. It reasoned that the immediate recoupment of the federal share of overpayments was mandated by 42 U.S.C. Sec. 1396b(d)(2), which provides that quarterly payments to a state are to be reduced by any overpayments found to have been made in previous quarters. HCFA implemented the GAB decision by withholding $1,182,568 from New York's Medicaid grant for the quarterly period April 1, 1982 to June 30, 1982.
 
 
 4
 We affirm the judgment of the district court.
 
 
 5
 In his Memorandum-Decision and Order dated October 1, 1984, reported at 611 F.Supp. 333 (N.D.N.Y.1984), Judge Miner thoroughly disposes of the claim that the Secretary's action violated both the letter and the spirit of the Social Security Act.[1] We agree with his reasoning and adopt his decision on those points.
 
 
 6
 New York's final claim is that the recoupment of overpayments before actual recovery represents a change in policy that cannot be effectuated absent compliance with the APA. Judge Miner rejected this claim on two grounds. First, he found that New York's characterization of the Secretary's recoupment policy as inconsistent with past practice was not accurate. Second, he found that New York had not raised the APA argument to GAB and thus could not raise the claim in federal court.
 
 
 7
 We agree with Judge Miner that New York has not substantiated its claim that the Secretary's position on recoupment of overpayments has been inconsistent. New York points to no case where the Secretary acted other than she did here. However, unlike Judge Miner, we believe that New York's APA argument was raised to GAB. See Br. for New York to GAB at 6, reprinted in J.App. at 110. Nevertheless, we find the APA argument unavailing.
 
 
 8
 The Secretary's position was not only consistent with the clear language of 42 U.S.C. Sec. 1396b(d)(2), it was supported by existing regulations. Under 45 C.F.R. Sec. 201.5(a)(3), a state must submit quarterly statements to the Secretary. These statements must include a report on "expenditures not properly subject to Federal financial participation which are acknowledged by the State agency or have been revealed in the course of an audit." Moreover, 45 C.F.R. Sec. 201.13 (1984) provides:After consideration of a State agency's appeal [of proper audit exceptions] by the Administrator, [HCFA] advises the State agency of any expenditures in which the Federal Government may not participate and requests it to include the amount as adjustments in a subsequent statement of expenditures. Expenditures in which it is found the Federal Government may not participate and which are not properly adjusted through the State's claim will be deducted from subsequent grants made to the State agency.
 
 
 9
 When these regulations are coupled with the clear language of section 1396b(d)(2) and New York's inability to substantiate its claim that the Secretary's policy has been inconsistent, New York's APA argument cannot prevail.
 
 
 10
 We have considered all of New York's claims and find them to be without merit. The judgment of the district court is affirmed.
 
 
 
 [1]
 In his opinion, Judge Miner attempts to distinguish the instant case from Commonwealth of Massachusetts v. Heckler, 576 F.Supp. 1565 (D.Mass.1984). The district court in Massachusetts held that payments to a state at an interim rate higher than the established final rate were not "overpayments" under 42 U.S.C. Sec. 1396b(d)(2) and thus were not subject to immediate recoupment. That decision was subsequently reversed. Commonwealth of Massachusetts v. Heckler, 749 F.2d 89 (1st Cir.1984). The result reached by the First Circuit is consistent with Judge Miner's analysis